UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECT COMPONENTS, INC.,

    Plaintiff,

v.                              Case No. 8:23-cv-1617-VMC-SPF

MICROCHIP USA, LLC, ET. AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon Defendant Michael Prusik's Motion for Rule 11 Sanctions. (Doc. # 136). Plaintiff Direct Components, Inc. ("DCI") responded in opposition. (Doc. # 165). For the reasons that follow, the Motion is denied without prejudice.

**I.  Discussion**

On July 18, 2023, DCI initiated this lawsuit against Microchip USA, LLC and several individual Defendants. (Doc. # 1). On May 16, 2024, DCI filed its second amended complaint, which is the operative complaint. (Doc. # 55). It alleges nine counts against Defendants, but relevant to this Motion, Count Four is pled exclusively against Michael Prusik. Count Four alleges that Mr. Prusik committed a breach of contract by violating his non-competition agreement. (Id. at 32-33).

1

The allegation cites to Exhibit C, which contains two employment contracts – one signed by Joe Centrone and another signed by Mr. Prusik. (Doc. # 55-3). The agreement signed by Mr. Prusik is titled as a "Confidentiality and Nonsolicitation Agreement." (Id. at 10-17).

On October 16, 2024, DCI filed a motion for leave to file an amended complaint, which would "correct a scrivener's error in reference to Defendant Michael Prusik and the applicable restrictive covenant he executed along with allegations stemming from such error." (Doc. # 134 at 2). On November 20, 2024, the Court denied the motion, finding that DCI failed to satisfy Rule 16's requirements. (Doc. # 173).

On November 11, 2024, Mr. Prusik filed a motion for judgment on the pleadings on Count Four, arguing that "[t]he contract executed by Prusik that is attached to the Second Amended Complaint as part of Composite Exhibit C contradicts DCI's allegations in Count IV of the Second Amended Complaint." (Doc. # 154 at 5). On December 2, 2024, DCI responded in opposition, arguing that "DCI provided a copy of Prusik's restrictive covenant agreement as an exhibit. And that exhibit controls over any contrary language within the Second Amended Complaint." (Doc. # 174 at 7). However, on December 27, 2024, Mr. Prusik filed a notice of withdrawal of

2

his motion for judgment on the pleadings. (Doc. # 179). In that notice, Mr. Prusik explained that he "will address DCI's unusual allegations in a summary judgment motion instead." (Id. at 2).

Mr. Prusik filed his Motion for Rule 11 Sanctions on October 23, 2024. (Doc. # 136). DCI responded on November 14, 2024. (Doc. # 165). The Motion is now ripe for review.

In the Motion, Mr. Prusik argues that "DCI's claim that Michael Prusik breached an alleged non-competition clause is objectively frivolous" and, accordingly, DCI's counsel "failed to make a reasonable inquiry into the law prior to filing its Second Amended Complaint and subsequent filings as required by Rule 11(b). Thus, sanctions should be imposed." (Doc. # 136 at 8).

However, it would be inappropriate for the Court to make such a finding at this juncture. Mr. Prusik's argument assumes that Count Four is "frivolous." (Id.). Therefore, the Motion and Mr. Prusik's forthcoming motion for summary judgment on this Count are intertwined because each ask or will ask the Court to find that DCI cannot prove Count Four as a matter of law. To rule on this Motion without first ruling on the eventual motion for summary judgment, the Court would be casting judgment on the merits of the underlying Count without

evaluating the record in its entirety. See Welsh v. Martinez, No. 2:22-cv-216-JLB-NPM, 2023 WL 130752, at *3 (M.D. Fla. Jan. 9, 2023) (denying a motion for sanctions without prejudice because it would be "simply premature for the Court to determine whether the Amended Complaint is so frivolous as to be subject to Rule 11 sanctions" before the claim "may be resolved on a summary judgment motion or may have to be resolved at trial").

As such, the Court denies the Motion. However, the Court does so without prejudice because Mr. Prusik may re-file his Motion upon disposition by the Court of Count Four of the operative complaint. See KB Home v. Smith, No. 8:13-cv-2644-JDW-E_J, 2014 WL 12621583, at *2 (M.D. Fla. May 7, 2014) ("[I]t is not possible to determine on this record if the allegations of the Amended Complaint are objectively frivolous in view of the law and facts . . . . Imposition of sanctions is more appropriately considered at the end of the litigation.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Michael Prusik's Motion for Rule 11 Sanctions. (Doc. # 136) is **DENIED** without prejudice.

4

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of March, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE