UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECT COMPONENTS, INC.,

    Plaintiff,

v.                                    Case No. 8:23-cv-1617-VMC-SPF

MICROCHIP USA, LLC, ET. AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon Defendants' Motion for Discovery Sanctions to Exclude Certain Trade Secret Evidence at Trial. (Doc. # 277). Plaintiff Direct Components, Inc. ("DCI") responded in opposition. (Doc. # 294). For the reasons that follow, the Motion is denied.

**I.  Discussion**

On July 18, 2023, DCI initiated this lawsuit against Microchip USA, LLC and several individual Defendants. (Doc. # 1). On May 16, 2024, DCI filed its second amended complaint, which is the operative complaint. (Doc. # 55). The litigation between the parties has a long procedural history, such that the Court will only focus on the parts relevant to this Order.

Defendants have filed nine motions to compel. See (Doc. # 274) (noting that this motion to compel was Defendants'

1

ninth motion to compel). DCI has also filed multiple motions to compel. (Doc. ## 73, 180, 181, 217, 250). Magistrate Judge Sean P. Flynn has entered multiple orders to resolve these motions to compel. (Doc. ## 143, 168, 198, 199, 258, 260, 269, 270, 284). Partially because of this litigious discovery process, the Court has extended the discovery deadline five times. Just recently on June 6, 2025, the Court extended the deadline to August 7, 2025. (Doc. ## 298, 301).

On May 14, 2025, Defendants filed their Motion for Discovery Sanctions. (Doc. # 277). DCI responded on June 3, 2025. (Doc. # 165). The Motion is now ripe for review.

In the Motion, Defendants argue that DCI violated Judge Flynn's October 28, 2024, order by failing to produce its customer and vendor lists and by failing to "provide information about the substance of the lists requested in areas of inquiry 2 and 3 of Defendants' 30(b)(6) notice." (Doc. # 277 at 7). As such, Defendants request sanctions pursuant to Rule 37(b)(2)(A)(ii), which allows for the "prohibiting [of] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." (Id. at 10) (quoting Fed. R. Civ. P. 37(b)(2)(A)(ii)). Defendants request that DCI be

2

"disallowed from introducing evidence that its customer and vendor lists qualify as trade secrets." (Id.).

Since the filing of the Motion, two important developments have occurred. First, the Court, upon joint motion of the parties, extended the discovery deadline by 30 days to August 7, 2025. (Doc. ## 298, 301). Second, Judge Flynn entered an order on May 22, 2025, which, among other discovery issues, ordered DCI to respond to inquiry 2 and 3 of Defendants' 30(b)(6) notice. (Doc. ## 283-1 at 5; 284).

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). "[T]he exclusion of critical evidence is an extreme sanction which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-RBD-JBT, 2011 WL 5357833, at *2 (M.D. Fla. Nov. 3, 2011) (internal quotations omitted). "Striking witnesses or evidence in response to a discovery violation is a drastic remedy that should only be considered after other alternatives are exhausted or unavailable, and clearly only when the moving party has suffered irreparable harm or undue

prejudice." Grigorian v. FCA US, LLC, No. 1:18-cv-24364-MGC, 2019 WL 2754154, at *5 (S.D. Fla. July 2, 2019) (internal quotations omitted), report and recommendation adopted, No. 1:18-cv-24364-MGC, 2019 WL 5260124 (S.D. Fla. Sept. 16, 2019).

The Court finds that Defendants' Motion is premature at this juncture. Discovery is still ongoing (Doc. # 301), and DCI is still in the process of responding to inquiry 2 and 3 of Defendants' 30(b)(6) notice (Doc. ## 283-1 at 5; 284), which are partially the subject of Defendants' Motion. Given the case's evolving nature, the Court concludes that it would be improper to impose the "drastic remedy" of striking evidence because any alleged "irreparable harm or undue prejudice" is still indefinite. Grigorian, 2019 WL 2754154, at *5. Furthermore, the remedy of striking evidence will still be available after the closure of discovery, should it be warranted. Thus, the Court finds that imposing the sanctions sought by Defendants is unnecessary at this juncture.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion for Discovery Sanctions to Exclude Certain Trade Secret Evidence at Trial (Doc. # 277) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of June, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE