UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECT COMPONENTS, INC.,

    Plaintiff,

v.                                Case No. 8:23-cv-1617-VMC-SPF

MICROCHIP USA, LLC, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Direct Components, Inc.'s ("DCI") Omnibus Pretrial Motion, filed October 9, 2025. (Doc. # 386). Defendant Jeff Ruby responded in opposition on October 22, 2025. (Doc. # 394). For the reasons that follow, the Omnibus Pretrial Motion is denied without prejudice in part and deferred in part as set forth herein.

**Discussion**

Among other requests, DCI's Omnibus Pretrial Motion includes four motions in limine seeking to preclude Mr. Ruby from introducing evidence or making argument at trial that relates to "any information that DCI requested but that no party identified, produced, or otherwise disclosed in

1

discovery." (Doc. # 386 at 1). Specifically, DCI seeks to preclude evidence or argument concerning:

> a. [Mr.] Ruby's use, disclosure, and sharing of; or access to folders, files, documents, or other data that is or previously was stored in Google Drive;
>
> b. [Mr.] Ruby's interactions with; access to; or use, disclosure, or sharing of electronically stored information ("ESI") that contains DCI confidential information and/or trade secrets and is, or previously was, stored in any electronic device that [Mr.] Ruby possessed or accessed since 2020;
>
> c. Hearsay testimony by or about information obtained from or discussed with Robert Rohr, any other representative of E-Hounds, Inc. Computer Evidence Services ("E-Hounds"), or other purported expert; and
>
> d. Any settlement negotiations or agreements between or among DCI and [Mr.] Ruby or DCI and the [former defendants who were dismissed from this case].

(Id.); see also (Id. at 11-17).

Notably, as the Court stated in its Fifth Amended Case Management and Scheduling Order, this case is set for a bench trial and not a jury trial. (Doc. # 301 at 2).

"It is unnecessary, in bench trials, for a court to determine whether to exclude evidence prior to the start of trial." Singh v. Caribbean Airlines Ltd., No. 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014). "The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will

2

disregard inadmissible evidence and rely only on competent evidence." Id. (citation omitted). "In fact, courts are advised to deny motions in limine in non-jury cases." Id. (citing 9A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 2411 (3d ed. 2008)).

Indeed, courts in this District routinely find it "unnecessary in a bench trial to determine whether particular evidence should be excluded prior to the start of trial." Aspen Am. Ins. Co. v. Landstar Ranger, Inc., No. 3:24-cv-721-ACC-SJH, 2025 WL 3527655, at *6 (M.D. Fla. Oct. 9, 2025). See also Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009) (noting that "a bench trial weighs heavily in favor of denying the motions in limine and addressing the issues raised if and when they come up at trial"); Blue Cross & Blue Shield of Florida, Inc. v. Davita, Inc., No. 3:19-cv-574-BJD-MCR, 2022 WL 18493469, at *2 (M.D. Fla. June 3, 2022) ("It is unnecessary, in bench trials, for a court to determine whether to exclude evidence prior to the start of trial." (citation omitted)); Kremer v. Lysich, No. 3:19-cv-887-BJD-JBT, 2022 WL 18358955, at *3 (M.D. Fla. Mar. 25, 2022) ("In the event of a bench trial, the weight of authority suggests that all evidence should

first be received, and questions of admissibility determined when and if necessary.").

Here, because this case will be tried to the bench, it is neither necessary nor appropriate at this stage for the Court to preemptively exclude categories of evidence. The Court will assess admissibility, relevance, and weight as appropriate in the context of the evidence presented at trial. Thus, the Court denies without prejudice the motions in limine contained within DCI's Omnibus Pretrial Motion. If necessary, DCI may reassert its objections to evidence at trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

DCI's Omnibus Pretrial Motion (Doc. # 386) is **DENIED** in part as set forth herein. The Motion is denied without prejudice only as to DCI's four motions in limine. The Court defers ruling on DCI's request for sanctions contained within its Omnibus Pretrial Motion.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>9th</u> day of January, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE