UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECT COMPONENTS, INC.,

     Plaintiff,

v.                            Case No. 8:23-cv-1617-VMC-SPF

MICROCHIP USA, LLC, et al.,

     Defendants.

_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Direct Components, Inc.'s ("DCI") request for sanctions in its Omnibus Pretrial Motion, filed October 9, 2025. (Doc. # 386). On October 22, 2025, Defendant Jeff Ruby responded in opposition. (Doc. # 394). For the reasons that follow, DCI's request for sanctions is denied.

## I.    **Background**

DCI's Omnibus Pretrial Motion sought three forms of relief: (1) exclusion of certain evidence at trial; (2) leave to file a third amended complaint, and (3) sanctions against Mr. Ruby pursuant to Federal Rule of Civil Procedure 37(e). On December 30, 2025, the Court denied the request to file a third amended complaint. (Doc. # 420). On January 9, 2026, the Court denied without prejudice the requests to exclude

certain evidence at trial. (Doc. # 428). Accordingly, only DCI's request for sanctions remains pending.

DCI asks the Court to enter sanctions against Mr. Ruby for spoliation of evidence, specifically "his failure to preserve and timely produce discoverable information [namely, electronically stored information (ESI)] relating to any subjects identified in the Discovery Plan set forth in the Uniform Case Management Report that the parties filed on September 14, 2023." (Doc. # 386 at 2). "DCI, therefore, requests default judgment on liability under Rule 37(e)(2)(C). In the alternative, DCI requests an adverse inference that the lost and altered ESI would show Ruby continued to access, use, and distribute DCI's confidential information after his termination." (Id. at 23).

In support, DCI contends that Mr. Ruby "continued to access, share, and modify electronic records containing DCI's confidential information and trade secrets between October 20, 2021, and August 26, 2025 and that, since commencement of this litigation, he repeatedly engaged in conduct that conflicted with his obligation to preserve discoverable information." (Id. at 3). According to DCI, Mr. Ruby "used various devices including, but not limited to, MacBook computers, iPads, iPhones, his Synology NAS drive (the

2

'SND'), iCloud, Google Drive, Dropbox, and OneDrive (collectively 'Ruby Devices') . . . [and] acknowledged that he accessed DCI ESI on the Ruby Devices." (Id.). DCI argues that "neither the Ruby Devices nor any substantial ESI stored on any Ruby Device other than the SND was produced or disclosed before discovery closed. Notably, even Ruby's production of data stored on the SND was deficient." (Id.) (citing Doc. ## 331, 364). Moreover, DCI contends that Mr. Ruby "not only failed to produce the requested ESI, he continued to access and manipulate DCI's files, produced altered metadata, and failed to preserve or produce forensic images of any of the Ruby Devices, and the limited metadata Ruby did produce shows that he violated preservation obligations." (Id. at 19).

The parties' discovery disputes are extensive, and the Court only recounts the parts relevant to this Motion. In July and August 2025, DCI filed three motions to compel discovery from Mr. Ruby. (Doc. ## 320, 326, 331). Among other relief, those motions sought to compel Mr. Ruby to submit his devices for forensic inspection and reproduce allegedly deficient requests for production. (Id.). DCI also sought sanctions against Mr. Ruby pursuant to Rule 37(a)(5). (Doc. # 326 at 19-20).

3

After an August 26, 2025 hearing (Doc. # 339), Magistrate Judge Flynn granted in part and denied in part DCI's motions. (Doc. # 342). Specifically, the Court ordered Mr. Ruby to produce an index of the SND device and reproduce certain documents from the SND device with the accompanying metadata fields. (Id.). The Court further ordered that DCI may request certain responsive documents from Mr. Ruby upon review of the SND index, and that DCI may reopen Mr. Ruby's deposition for the limited purpose of questioning him about the new productions. (Id.). The Court otherwise denied the requested relief, including the request for sanctions. (Id.).

On September 9, 2025, DCI moved for reconsideration of the August 26, 2025 Order. (Doc. # 364). On October 1, 2025, Magistrate Judge Flynn denied that motion, explaining:

> The Court extensively discussed the factual foundation of its August 26, 2025 Order with the parties during the hearing. Plaintiff overlooks this, opting instead to tread well-worn territory and urge the Court to reach a different conclusion. At the hearing, the Court accepted Ruby's and his counsel's representations that, although Ruby thought he had deleted all of Plaintiff's documents from his Google Drive when he left the company in October 2021, some of Plaintiff's documents remained on his back-up servers and on his Google Drive (the Ruby Back-Up Drives). Ruby's counsel confirmed that they have since produced all responsive documents from the Ruby Back-Up Drives.

4

> As a backstop, the Court ordered Ruby to: produce an index of the Ruby Back-Up Drives to Plaintiff within one day of the hearing; reproduce the approximately 9,000 pages he had already produced from the Ruby Back-Up Drives, with metadata; and sit for two more hours of deposition (Doc. 342). Plaintiff does not argue that Ruby failed to comply with this Order. Instead, it laments that the Court is not directing Ruby to produce more and suggests that the Court's Order gives Ruby free rein to shirk his Rule 26 obligations. Plaintiff uses its motion to rehash arguments the Court has ruled on and does not identify a clear error in the Court's Order.

(Doc. # 379 at 3-4).

With that procedural background in mind, the Court turns to DCI's request for sanctions.

## II. Legal Standards

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Doe v. Willis, No. 8:21-cv-1576-VMC-CPT, 2023 WL 2918507, at *5 (M.D. Fla. Apr. 12, 2023) (citations and quotation marks omitted). "A district court has 'broad discretion' to sanction a party for the spoliation of evidence." Id. (citations omitted).

"When considering a spoliation claim involving [ESI], such as here, courts look to Rule 37(e), as amended in 2015." Id. "[F]our threshold elements must be present for Rule 37(e)

to apply: (1) there must have been a duty to preserve ESI; (2) the ESI must have been lost or destroyed; (3) the ESI must have been lost as a result of the party's failure to take reasonable steps to preserve it; and (4) the ESI must not have been restorable or recoverable through additional discovery." Id. (citations omitted). "If the foregoing elements are not met, then a court must deny a request for spoliation sanctions or curative measures." Id. (citation and quotation marks omitted). "Even if Rule 37's threshold criteria are satisfied, however, a court may only award sanctions under subsection (e)(1) if it finds 'prejudice' to another party, or under subsection (e)(2) if it finds that the spoliating party acted with the 'intent to deprive' the opposing side of ESI." Id. at *6 (citations omitted).

## III. **Analysis**

### A.    **Duty to confer in good faith**

In its Motion, DCI's Local Rule 3.01(g) certification stated that "prior to filing this motion, counsel conferred in good faith with counsel for Defendant Jeff Ruby regarding the relief requested, including by Microsoft Teams Conference on October 8, 2025. The parties were unable to reach an agreement." (Doc. # 386 at 25).

6

Mr. Ruby's response to the Omnibus Pretrial Motion calls DCI's certification into question. See (Doc. # 394 at 8-9) ("DCI's main argument for sanctions is based on nothing more than DCI's mistaken assumption about how Mr. Ruby reproduced certain files. Mr. Ruby's current counsel could have corrected that mistaken assumption if DCI's counsel had meaningfully conferred before filing this latest sanctions motion. That violation of Local Rule 3.01(g), which has wasted both Mr. Ruby's and the Court's resources, is another reason the Court should consider taking action to curb DCI's endless sanctions motions.").

The Court reiterates that, prior to filing the Omnibus Pretrial Motion, DCI was obligated to confer with Mr. Ruby *in a good faith effort* to resolve the request for sanctions. See M.D. Fla. Local Rule 3.01(g). But, the Court cannot definitively say that DCI violated this requirement based on the information before it. Thus, the Court will proceed with analyzing the Motion and admonishes that future conferrals between the parties must be in good faith.

**B.    Rule 37 sanctions are not warranted**

In attempting to establish Rule 37's threshold criteria, DCI argues that Mr. Ruby lost or destroyed ESI in two ways: (1) by disposing of the old Ruby Devices by drilling holes in

7

them or trading them in, and (2) by opening or altering various files on his SND device and thereby overwriting the original metadata of the SND device. (Doc. # 386 at 20-21). The Court rejects both arguments.

First, the record does not support DCI's contention that Mr. Ruby destroyed ESI by disposing of his personal devices. At the August 26 hearing, DCI's counsel acknowledged that Mr. Ruby's personal devices had been backed up to the SND device. (Doc. # 345 at 15:2-7). Further, DCI's counsel acknowledged, and the Court confirmed, that DCI had received the documents backed up to the SND device and that the dispute only concerned the absence of certain metadata fields. (Id. at 29). Thus, the record reflects that the relevant ESI was either preserved on the SND device or produced before the August 26, 2025 hearing. The disposal of older hardware, standing alone, does not establish that ESI was lost.

Second, the record does not support DCI's claim that Mr. Ruby overwrote the original metadata on the SND device. As Mr. Ruby explains:

> Mr. Ruby's current counsel did not reproduce the approximately 1,750 backup drive files from the backup drive itself. Rather, Mr. Ruby's current counsel obtained from Mr. Ruby's prior counsel the native files that Mr. Ruby sent to his prior counsel and they used to make the original production of

those files from his backup drive. Neither Mr. Ruby nor his current counsel have accessed his backup drive since the computer forensics experts at E-Hounds (including Mr. Rohr) took custody of the drive, and the drive remains in their custody.

(Doc. # 394 at 8) (noting also that "DCI's main argument for sanctions is based on nothing more than DCI's mistaken assumption about how Mr. Ruby reproduced certain files."). On this record, the reproduction of native files from sources other than the SND device would not alter metadata stored on the SND device itself.

Finally, it is undisputed that, in August 2025, Mr. Ruby produced a complete index of the more than 28,000 files on the SND device. (Doc. # 386 at 20; Doc. # 394 at 8). DCI acknowledges that the SND index contains the metadata for the files on the SND device. (Doc. # 386 at 20). The record therefore reflects that DCI received the metadata associated with the SND device in August 2025. Even if Mr. Ruby's reproduction of the native files somehow altered the metadata on the SND device, that metadata is recoverable from the SND index that DCI received.

In short, DCI has not demonstrated that Mr. Ruby lost or destroyed ESI or that any purportedly lost ESI is not recoverable. Thus, DCI has failed to satisfy Rule 37(e)'s

9

threshold requirements. Therefore, sanctions are not warranted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

DCI's Omnibus Pretrial Motion (Doc. # 386) is **DENIED** in part as set forth herein. The Motion is denied as to DCI's request for sanctions.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of March, 2026.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE