UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECT COMPONENTS, INC.,

      Plaintiff,

v.                            Case No. 8:23-cv-1617-VMC-SPF

MICROCHIP USA, LLC, et al.,

      Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Jeff Ruby's Motion for Rule 11 Sanctions, filed on November 19, 2025. (Doc. # 409). Plaintiff Direct Components, Inc. ("DCI") responded in opposition on December 3, 2025. (Doc. # 414). For the reasons that follow, the Motion is denied.

## I.   **Background**

Mr. Ruby seeks sanctions on two grounds. First, he argues that DCI frivolously moved for summary judgment on a purported breach of contract claim that was not asserted against him in the operative complaint. Second, he contends that DCI frivolously opposed his motion for summary judgment on DCI's breach of duty of loyalty claim.

1

The Court addresses each argument in turn and discusses the relevant procedural history within the analysis.

## II.  Legal Standards

"By presenting to the Court a pleading, written motion, or other paper, an attorney or unrepresented party certifies to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending or modifying existing law, or for establishing new law, and that the factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery)." Your CBD Stores Franchising, LLC v. Buckwalter, No. 8:23-cv-1550-VMC-AAS, 2023 WL 8004593, at *2 (M.D. Fla. Nov. 17, 2023) (citing Fed. R. Civ. P. 11(b)(2-3); and Lee v. Mid-State Land & Timber Co., Inc., 285 F. App'x 601, 608 (11th Cir. 2008)).

"Sanctions are appropriate pursuant to Rule 11 '(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for

2

an improper purpose.'" Id. (quoting Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996)).

"A court generally conducts a two-part inquiry when considering a motion for sanctions: (1) whether the party's claims are objectively frivolous in view of the facts or law, and, if so, (2) whether the person who signed the pleadings should have been aware that they were frivolous." Id. (citation omitted). "Even if counsel had a good faith belief that the claims were sound, sanctions must be imposed if counsel failed to make a reasonable inquiry." Id. (citation omitted).

## III. **Analysis**

### A.    **Breach of duty of loyalty claim**

Mr. Ruby argues that DCI frivolously defended his motion for summary judgment on the breach of duty of loyalty claim. (Doc. # 409 at 8-9). In support, he largely repeats the arguments raised in his summary judgment briefing, asserting that DCI's complaint failed to state such a claim against him. (Id.).

The Court rejected that argument when ruling on the parties' cross-motions for summary judgment. Specifically, the Court concluded that DCI's amended complaint did state a breach of duty of loyalty claim against Mr. Ruby and that

3

genuine disputes of material fact precluded summary judgment. (Doc. # 420 at 28-31).

Because the Court determined that the complaint adequately asserted the claim and that factual disputes precluded summary judgment, it was not objectively frivolous for DCI to oppose Mr. Ruby's motion for summary judgment on that issue. Nor was it frivolous for DCI to argue that the breach of duty of loyalty claim had been properly pled.

Accordingly, the Motion is denied as to Mr. Ruby's request for sanctions relating to the breach of duty of loyalty claim.

B.    **Breach of contract claim**

Mr. Ruby also argues that DCI frivolously moved for summary judgment on a purported breach of contract claim. (Doc. # 409 at 3-8). Again, Mr. Ruby largely reiterates the position he advanced in his summary judgment briefing: that DCI's complaint did not assert a breach of contract claim against him. (Id.).

The Court agreed with Mr. Ruby on this point when resolving the summary judgment motions. The Court held that DCI's operative complaint did not assert a breach of contract claim against Mr. Ruby. (Doc. # 420 at 25-28). In doing so, the Court noted that DCI acknowledged it had removed Mr.

4

Ruby's name from the breach of contract claim before filing the operative complaint, yet nonetheless argued in its summary judgment motion that Mr. Ruby could still "discern his liability for breach of contract." (Id. at 27) (citation omitted).

There is no doubt that it was incorrect for DCI to seek summary judgment on the purported breach of contract claim when it failed to identify Mr. Ruby in that count in the operative complaint. That said, the Court finds that DCI's position does not rise to the level of objective frivolousness. First, the Federal Rules of Civil Procedure themselves do not explicitly state that a defendant must be named in each count of the complaint. See e.g., Fed. R. Civ. P. 8(a)(2-3) (requiring a "short plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought"). Second, although Cohen v. Office Depot, Inc., 184 F.3d 1292 (11th Cir. 1999) and Goldsmith v. City of Atmore, 996 F.2d 1155 (11th Cir. 1993) provide that a pleading that sets forth a claim must identify the party against whom relief is sought, the contexts of those cases are different from that of the instant case. Cohen dealt with the failure to plead a request for punitive damages. Cohen, 184 F.3d at 1294-97. Goldsmith dealt with a pro se plaintiff's

5

failure to include "a single reference to any requested relief." Goldsmith, 996 F.2d at 1161. Neither case explicitly addressed the issue presented here, which is the failure to identify a defendant in a specific count of the complaint. Given these considerations, DCI's position was not objectively frivolous and sanctions are not warranted.

Accordingly, the Motion is denied as to Mr. Ruby's request for sanctions relating to the purported breach of contract claim.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Jeff Ruby's Motion for Rule 11 Sanctions (Doc. # 409) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of March, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6